Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2170 | **DATE** | 10/15/2001 |
| **CASE TITLE** | United States of America vs. Miles Olsen, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss pursuant to Rule 19 for failure to join all necessary parties is DENIED. Defendants' Motion to Dimiss pursuant to Rule 12(b)(6) of Plaintiff's tortious conversion complaint, Count IV, is also DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 16 2001 date docketed | 138 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 16 AM 7:52 | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 15 2001
Judge Harry D. Leinenweber
U.S. District Court

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MILES OLSEN, JR.; JOAN OLSEN;
CHICAGO TITLE LAND TRUST
COMPANY, f/k/a CHICAGO TITLE
AND TRUST COMPANY, as Trustee
of Land Trust No. 1072725;
SUPREME FINANCE CORPORATION;
THE MADISON CORPORATION; and
O'ROURKE, McCLOSKEY AND MOODY,

    Defendants.

Case No. 98 C 2170

Hon. Harry D. Leinenweber

DOCKETED
OCT 16 2001

## MEMORANDUM OPINION AND ORDER

Defendant, O'Rourke McCloskey & Moody, brings this Motion to Dismiss Plaintiff's Amended and Supplemental Complaint *pro se* for (1) failure to join all necessary parties pursuant to Rule 19 and (2) failure to state a claim upon which relief can be granted with regard to Plaintiff's tortious conversion claim, Count IV, pursuant to Rule 12(b)(6).

## BACKGROUND

This interlocutory motion stems from the United States' action through the Internal Revenue Service ("IRS") to (1) seek monetary judgement against Myles Olsen, Jr. for unpaid federal tax assessments; (2) foreclose liens that arose with assessments against the real property at 17816 W. Washington Street in Union,

138

Land Title Company as trustee; (3) seek judgement against the Chicago Land Title Company for failure to honor the levy; and (4) seek judgements against Chicago Land Title Company, Supreme Finance Corporation, the Madison Corporation, and O'Rourke, McCloskey & Moody for tortious conversion of property subject to those federal tax liens.

Specifically, O'Rourke McCloskey & Moody's Motion to Dismiss pertains to Defendant Joan Olsen's April 13, 2001, refinancing of the Union Property by Supreme Finance Corporation. Defendant cites too both a procedural and substantive flaw to Plaintiff's Amended and Supplemented Complaint. Defendant contends that Plaintiff's failure to join all necessary parties to the Supreme Finance Corporation's refinancing, namely Harris Bank of Marengo, violates Rule 19 of the Federal Rules of Civil Procedure. Substantively, Defendant avers that Plaintiff's claim of tortious conversion fails because the IRS did not attain the status of a true owner or title holder of the Union property, but rather attained the status of a mere lien claimant.

The United States also cites both a procedural and substantive flaws in Defendant's motion to dismiss. Procedurally, the United States questions Defendant's *pro se* status. As a partnership, the United States charges that Defendant O'Rourke McCloskey & Moody must be represented by counsel. Substantively, Plaintiff asserts that a Rule 12(b)(6) motion can only be dismissed upon showing

beyond doubt that the Plaintiff's tortious conversion claim cannot be proven by any facts consistent with the allegations of the pleading that would entitle them to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 173 (1984), (citing *Gonley v. Gibson*, 355 U.S. 45, 45-46 (1957)).

When Defendant's motion to dismiss was presented on June 27, 2001, this Court denied it, *sua sponte*, to the extent that it was based on a claim of failure to join all necessary parties, but left open the discussion of count IV of tortious conversion.

## DISCUSSION

This motion is complicated by the fact that issues and parties are intertwined where they might not be appropriately linked. Thus, the court will first rule upon the procedural questions, then separate the substantive issues.

### Procedural Issue

Procedurally, Defendant first argues that the Amended and Supplemented Complaint should be stricken for failure to join all necessary parties in dispute to the Supreme Finance Corporation's refinancing. It is undisputed that on June 27, 2001, this Court denied, *sua sponte*, the procedural portion of Defendant's motion to dismiss for failure to join all necessary parties.

Second, Plaintiff argues that Defendant O'Rourke McCloskey & Moody's partnership is procedurally improper due to their *pro se* status, thus Defendant's motion to dismiss should be stricken.

Section 1654 of Title 28 establishes the legal standard in determining *pro se* litigants, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Thus, two types of representation have been interpreted by this statute, "that by an attorney admitted to practice law . . . and that by a person representing himself." *See Eagle Associates v. Bank of Montreal* 926 F.2d 1305, 1308 (2nd Cir. 1991)(citing *Turner v. American Bar Ass'n.*, 407 F.Supp. 451, 477 (N.D.Tex. 1975)). The Seventh Circuit confirmed the standard for this court in *First Amendment Foundation v. Vill. Of Brookfield, et al*, 575 F.Supp. 1207 (1983) where the court held, "Corporations must be represented in court by attorneys admitted to practice, . . . [It also] applies to partnerships and other unincorporated organizations."

Here, Defendant O'Rourke McCloskey & Moody is a legal partnership, where Defendant O'Rourke is an individually licensed attorney admitted to practice law within the Northern District of Illinois. Thus, as a recognized member of this court, Defendant O'Rourke McLoskey & Moody may proceed *pro se*.

### Substantive Issue

Ironically, while Defendant argues Plaintiff failed to joint all parties, it is unclear whether the Defendant claims that Plaintiff's Count IV for tortious conversion should be dismissed

individually or against the collective defendants to Supreme Finance Corporation's refinancing. Assuming Defendant represents itself and Defendants Myles and Joan Olsen, Defendants contend that pursuant to Rule 12(b)(6), the United States cannot establish the necessary elements of conversion, namely the IRS' ownership of the Union property and the Defendants' intent to exercise dominion and control adverse to the owner.

The legal standard required to adjudicate Rule 12(b)(6) motions to dismiss calls into question whether the Plaintiff has properly stated a claim for which relief may be granted. *See Bills by Bills Consol. Sch. Dist. No. 33-C,* 959 F.Supp. 507, 511 (citing *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989)); *Kubistal v. Hirsch et al,* 1999 WL 90625 (N.D. Ill.). Well-pled allegations of a complaint must be accepted as true, and ambiguities in the complaint must be construed in favor of the non-moving party. *See Lachmund v. ADM Investor Services, Inc.,* 191 F.3d 777, 782 (7th Cir. 1999); *Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). However, the court is not bound by the Plaintiff's legal characterizations of the facts, nor required to ignore facts set forth in the complaint that undermine the Plaintiff's claims. *See Kubistal* (citing *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir. 1992), *cert. denied,* 508 U.S. 942 (1993)). The court can only properly dismiss a motion for failure to state a claim if it appears beyond doubt that the plaintiff cannot

support the allegations which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

Plaintiff asserts that Defendants' tortious conversion claim is flawed, as the IRS's allegations call into question the central tenet of where and when the federal tax liens attached to the Union property and Defendant Olsen's alleged nominees. *See U.S. v. Mathews*, 224 F.2d 626 (9th Cir. 1957). Based upon the underlying assumption of Plaintiff's Amended and Supplemented Complaint, the IRS contends that Chicago Title served as Defendant Myles Olsen's nominee, where the federal tax lien followed the record title from the Union property and attached to Defendant Joan Olsen's beneficiary interest under the land trust instrument. *See U.S. v. State of New York,* 1987 WL 9392 (W.D.N.Y. 1987); *U.S. v. Paladin,* 539 F. Supp. 100 (W.D.N.Y. 1982). As such, the April 13, 2001, Supreme Finance Corporation's refinancing disbursed funds to which the IRS retained a valid priority interest and right to conversion of its lien before any other junior interests. *See Phelps v. U.S.,* 421 U.S. 330 (1975).

While the United States avers its priority rights, so too does Defendant O'Rourke McCloskey & Moody. In essence, the issue pairs to one of priority. Here, though, the case is mired by the Defendants' collective grouping. Again, it is unclear whether Defendants argue Plaintiff's failed tortious conversion claim either individually against their firm or in conjunction with

Defendants Myles and Joan Olsen. The court notes that if Defendants did argue the instant motion collectively, the failed tortious conversion claim retains special effects on the super priority interests of attorneys fees, as opposed to other interests. *See Fritschler, Pellino, Schrank & Rosen, S.C. v. U.S.*, 716 F.Supp. 1157 (E.D.Wis. 1988); *Brightwell v. U.S.*, 805 F.Supp. 1464 (S.D.Ind.1992). However, this issue is not currently before this court.

As such, the issue of whether the tax lien's attachment, priority and conversion remain uncertain; therefore, the questions of fact as to Defendants O'Rourke McCloskey & Moody and Defendants Myles and Joan Olsen are still open for debate. In order to survive a motion to dismiss, Defendants must prove that Plaintiff fails beyond doubt to prove any set of facts consistent with its pleadings that would entitle it to relief. Thus, Defendant's motions to dismiss is denied both procedurally and substantively. While procedurally allowed to argue *pro se*, Defendants' motion to dismiss for failure to join all necessary parties pursuant to Rule 19 is denied. In addition, substantively, Defendants motion to dismiss for failure to state a claim regarding Plaintiff's tortious conversion complaint pursuant to Rule 12(b)(6) is denied.

## CONCLUSION

Therefore, for the foregoing reasons, the Defendants' Motion to Dismiss pursuant to Rule 19 for failure to join all necessary

parties is DENIED. Defendants' Motion to Dismiss pursuant to Rule12(b)(6) of Plaintiff's tortious conversion complaint, Count IV, is also DENIED.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: October 15, 2001